UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KAREN HAMM,

        Plaintiff,

v.

                Civ. No: 1:13-cv-952

BOARD OF EDUCATION FOR THE
WILLIAMSVILLE CENTRAL SCHOOL DISTRICT,
MICHAEL CALANDRA and KIMBERLY
KIRSCH, Ed.D.,

        Defendants.

# ANSWER

    Defendants Board of Education for the Williamsville Central School District, Michael Calandra and Kim A. Kirsch, Ed.D, (incorrectly referred to as "Kimberly" throughout Complaint), by and through their attorneys, Webster Szanyi LLP, as and for their Answer to Plaintiff's Complaint state as follows:

    1.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of Plaintiff's Complaint and therefore deny same.

    2.  Deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

    3.  Paragraph 3 of Plaintiff's Complaint contains only legal conclusions and therefore Defendants deny that there are any factual allegations to which any response is required.

4. Paragraph 4 of Plaintiff's Complaint contains only legal conclusions and therefore Defendants deny that there are any factual allegations to which any response is required.

5. Admit Plaintiff filed a Charge of Discrimination with the EEOC and the EEOC issued a "Right to Sue" letter dated July 31, 2013; but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 5 of Plaintiff's Complaint and therefore deny same.

6. Admit Plaintiff is employed by the Williamsville Central School District; but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 6 of Plaintiff's Complaint and therefore deny same.

7. Admit the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Admit that Dr. Kimberly Kirsch is an employee of the Williamsville Central School District and serves as the District's Superintendent for Human Resources and as a Civil Rights Compliance Officer and that she is a citizen of the United States residing in Erie County, New York, but deny the characterization of Dr. Kirsch's responsibilities as contained therein, and therefore deny the remaining allegations of paragraph 9 of Plaintiff's Complaint.

10. Deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Admit that Plaintiff was awarded tenure by the District in or around 1995, but contend that the evaluations speak for themselves and therefore deny the characterization of same, and therefore deny the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Admit the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Admit Defendant Calandra took a position as an Assistant Principal at Amherst Middle School but deny the remaining allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Admit that Defendant Calandra applied for an Assistant Principal position at Mill Middle School but deny the remaining allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Plaintiff's Complaint and therefore deny same.

25. Deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Admit Defendant Calandra was appointed to the position of Assistant Principal in 2000, and thereafter to the Principal position to which he was awarded tenure, but deny the remaining allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Admit Suzanne Sammarco was hired as a full-time teacher for Defendant in or about 2004, but deny the remaining allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Deny the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Deny the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Deny the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. Deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Deny the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Deny the allegations contained in paragraph 49 of Plaintiff's Complaint.

50. Deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Deny the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53. Deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

55. Deny the allegations contained in paragraph 55 of Plaintiff's Complaint.

56. Deny the allegations contained in paragraph 56 of Plaintiff's Complaint.

57. Deny the allegations contained in paragraph 57 of Plaintiff's Complaint.

58. Deny the allegations contained in paragraph 58 of Plaintiff's Complaint.

59. Deny the allegations contained in paragraph 59 of Plaintiff's Complaint.

60. Deny the allegations contained in paragraph 60 of Plaintiff's Complaint.

61. Deny the allegations contained in paragraph 61 of Plaintiff's Complaint.

62. Deny the allegations contained in paragraph 62 of Plaintiff's Complaint.

63. Deny the allegations contained in paragraph 63 of Plaintiff's Complaint.

64. Deny the allegations contained in paragraph 64 of Plaintiff's Complaint.

65. Deny the allegations contained in paragraph 65 of Plaintiff's Complaint.

66. Deny the allegations contained in paragraph 66 of Plaintiff's Complaint.

67. Deny the allegations contained in paragraph 67 of Plaintiff's Complaint.

68. Admit that Plaintiff was assigned to teach units of French during the 2011-2012, 2012-2013 and 2013-2014 school years, but deny the remaining allegations contained in paragraph 68 of Plaintiff's Complaint.

69. Deny the allegations contained in paragraph 69 of Plaintiff's Complaint.

70. Deny the allegations contained in paragraph 70 of Plaintiff's Complaint.

71. Deny the allegations contained in paragraph 71 of Plaintiff's Complaint.

72. Deny the allegations contained in paragraph 72 of Plaintiff's Complaint.

73. Deny the allegations contained in paragraph 73 of Plaintiff's Complaint.

74. Deny the allegations contained in paragraph 74 of Plaintiff's Complaint.

75. Deny the allegations contained in paragraph 75 of Plaintiff's Complaint.

76. Deny the allegations contained in paragraph 76 of Plaintiff's Complaint.

77. Deny the allegations contained in paragraph 77 of Plaintiff's Complaint.

78. Deny the allegations contained in paragraph 78 of Plaintiff's Complaint.

79. Deny the allegations contained in paragraph 79 of Plaintiff's Complaint.

80. Deny the allegations contained in paragraph 80 of Plaintiff's Complaint.

81. Deny the allegations contained in paragraph 81 of Plaintiff's Complaint.

82. Deny the allegations contained in paragraph 82 of Plaintiff's Complaint.

83. Deny the allegations contained in paragraph 83 of Plaintiff's Complaint.

84. Deny the allegations contained in paragraph 84 of Plaintiff's Complaint.

85. Deny the allegations contained in paragraph 85 of Plaintiff's Complaint.

86. Deny the allegations contained in paragraph 86 of Plaintiff's Complaint.

87. Deny the allegations contained in paragraph 87 of Plaintiff's Complaint.

88. Deny the allegations contained in paragraph 88 of Plaintiff's Complaint.

89. Deny the allegations contained in paragraph 89 of Plaintiff's Complaint.

90. Deny the allegations contained in paragraph 90 of Plaintiff's Complaint.

91. Deny the allegations contained in paragraph 91 of Plaintiff's Complaint.

92. Deny the allegations contained in paragraph 92 of Plaintiff's Complaint.

93. Deny the allegations contained in paragraph 93 of Plaintiff's Complaint.

94. Deny the allegations contained in paragraph 94 of Plaintiff's Complaint.

95. Defendants repeat and reallege the allegations contained in paragraphs 1 through 94 of Plaintiff's Complaint as previously admitted or denied.

96. Deny the allegations contained in paragraph 96 of Plaintiff's Complaint.

97. Deny the allegations contained in paragraph 97 of Plaintiff's Complaint.

98. Deny the allegations contained in paragraph 98 of Plaintiff's Complaint.

99. Defendants repeat and reallege the allegations contained in paragraphs 1 through 98 of Plaintiff's Complaint as previously admitted or denied.

100. Deny the allegations contained in paragraph 100 of Plaintiff's Complaint.

101. Deny the allegations contained in paragraph 101 of Plaintiff's Complaint.

102. Deny the allegations contained in paragraph 102 of Plaintiff's Complaint.

103. Defendants repeat and reallege the allegations contained in paragraphs 1 through 102 of Plaintiff's Complaint as previously admitted or denied.

104. Deny the allegations contained in paragraph 104 of Plaintiff's Complaint.

105. Deny the allegations contained in paragraph 105 of Plaintiff's Complaint.

106. Deny the allegations contained in paragraph 106 of Plaintiff's Complaint.

107. Admit Plaintiff makes a demand for a jury trial.

108. Deny the "Wherefore" clause contained in Plaintiff's Complaint.

109. Deny each and every other allegation not specifically admitted or otherwise referred to above.

### FIRST AFFIRMATIVE DEFENSE

110. Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

111. Plaintiff's Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

112. Plaintiff's claims, in whole or in part, are barred given that Plaintiff has, in whole or in part, failed to exhaust administrative remedies, including Notice of Claim requirements pursuant to the N. Y. General Municipal Law, and/or satisfy all conditions precedent to recovery for the allegations asserted herein.

### FOURTH AFFIRMATIVE DEFENSE

113. Plaintiff was not subject to any discriminatory or retaliatory employment practices.

## FIFTH AFFIRMATIVE DEFENSE

114. Plaintiff's claims are barred given Defendants' exercise of reasonable care to prevent/correct harassment and/or retaliation and Plaintiff's failure to take advantage of preventative or corrective opportunities or to avoid harm otherwise.

## SIXTH AFFIRMATIVE DEFENSE

115. Plaintiff's damages, if any, were caused by her own failure to take reasonable action to avoid and/or mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

116. The Plaintiff's claims are barred by the doctrine of eleventh amendment immunity.

## EIGHTH AFFIRMATIVE DEFENSE

117. The recoverable damages, if any, should be diminished under the collateral source rule, New York CPLR § 4545.

## NINTH AFFIRMATIVE DEFENSE

118. Plaintiff's claims in whole, or part, were caused by the Plaintiff's own intentional negligence and/or reckless conduct, thereby absolving the Defendants, and each of them, from liability and responsibility.

## TENTH AFFIRMATIVE DEFENSE

119. No individual liability lies herein.

**WHEREFORE,** Defendants respectfully request dismissal of the Complaint and an award of costs, disbursements and attorneys' fees.

DATED: October 18, 2013

**WEBSTER SZANYI LLP**
Attorneys for Defendants

By: *s/Susan M. McClaren*
      Susan M. McClaren
1400 Liberty Building
Buffalo, New York 14202
(716) 842-2800
smcclaren@websterszanyi.com


TO: Carolyn Nugent Gorczynski, Esq.
     COLLIGAN LAW LLP
     12 Fountain Plaza, Ste. 600
     Buffalo, NY 14202
     cngorczynski@colliganlaw.com